IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kartarie Sahndal Prince Leake, | Crim. No. 4:11-cr-00417-TLW |
| PETITIONER | C/A No. 4:13-cv-01471-TLW |
| v. | |
| United States of America, | **Order** |
| RESPONDENT | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Kartarie Sahndal Prince Leake. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner was indicted for various drug offenses. He pled guilty to the lesser included offense in the first count of the Indictment, which charged him with Conspiracy to Possess With Intent to Distribute 500 Grams or More of Cocaine and 28 Grams or More of Crack Cocaine.

The Court reviewed a copy of the plea hearing transcript provided by the court reporter in this case. During the plea hearing, Petitioner stated that he received a copy of the Indictment and fully discussed it with his counsel, that he had sufficient time to consult with his counsel, that he was fully satisfied with his counsel and her advice, and that there was not anything that he wanted her to do that she had not done. The Government summarized the plea agreement, including an agreement under Rule 11(c)(1)(C) to a term of imprisonment of 180 months, and he agreed that it was an accurate summary of the terms of the plea agreement. He also stated that he had an opportunity to review the plea agreement with his counsel before signing it, that he

1

understood the terms of the plea agreement, that the plea agreement constituted the entire agreement, and that no one had made any promises to him that were left out of the agreement. He also stated that he understood the Rule 11(c)(1)(C) agreement and that he had sufficient time to discuss it with his counsel. The Court also discussed the manner in which his drug weight would be calculated for the conspiracy charge, the elements of the offense, and the penalties he faced, and he stated that he understood. After the case agent made a factual presentation, Petitioner admitted that he did what the agent said he did[1] and that he was guilty of the charge.

On June 13, 2012, he was sentenced to 180 months incarceration, followed by four years of supervised release. Judgment was entered on June 14, 2012. He did not file a direct appeal.

On or about May 30, 2013, Petitioner timely filed this § 2255 petition, asserting that the Court lacked jurisdiction to enter the judgment and that he received ineffective assistance of counsel. ECF No. 850. On August 15, 2013, his counsel filed an affidavit. ECF No. 865. On August 21, 2013, the Government filed a response in opposition and a motion for summary judgment. ECF Nos. 866, 867. On September 26, 2013, he filed a response to the summary judgment motion. ECF No. 870.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a

---

[1] At the hearing, his counsel said that there was some dispute about the exact details of his conduct, but he acknowledged being involved as a drug dealer with others to sell 500 grams or more of cocaine and 28 grams or more of crack.

preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.  Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

3

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.  Discussion

As noted above, Petitioner asserts two grounds for relief in his § 2255 petition—lack of jurisdiction and ineffective assistance of counsel. However, this is essentially one ground for relief because he says that his counsel was ineffective in allowing him to plead to a charge when the Court did not have jurisdiction. He argues that the Court did not have jurisdiction because the Government "never proved the existence of an actual dispute involving petitioner," and because there was insufficient evidence of his involvement in the conspiracy, as he says he "was incarcerated for at least 90% of the alleged conspiracy and was never arrested with any drugs during the course of the alleged conspiracy." ECF No. 850-1 at 4–6. He then claims that his counsel was ineffective in allowing him to plead based on a plea agreement that was void because of the Court's lack of jurisdiction. *Id.* at 6–8. His claims are meritless.

To the extent Petitioner argues that the Court lacked jurisdiction over his claim, he is simply incorrect. Federal district courts have original jurisdiction over offenses against the laws of the United States, 18 U.S.C. § 3231, and the conduct to which he pled guilty is a drug conspiracy offense in violation of the laws of the United States, specifically 21 U.S.C. §§ 841 and 846.

Similarly, there is no merit to Petitioner's argument that there was insufficient evidence

4

of his involvement in the conspiracy. After hearing the Government's factual presentation of the case, which started with a discussion of his arrest at a trap house operated by several of his co-defendants and went on to discuss historical information from at least fourteen witnesses about his involvement in the drug trade, Petitioner admitted that he was involved as a drug dealer with others to sell 500 grams or more of cocaine and 28 grams of crack. It is irrelevant that he was incarcerated for part of the time period covered by the conspiracy. *See, e.g.*, *United States v. Burgos*, 94 F.3d 849, 861 (4th Cir. 1996) ("[A] defendant need not know all of his coconspirators, comprehend the reach of the conspiracy, participate in all the enterprises of the conspiracy, or have joined the conspiracy from its inception.").

As there is no merit to Petitioner's primary argument, there is no merit to his argument that his counsel was ineffective in allowing him to plead guilty.[2] The Court also notes that counsel's affidavit reflects that she discussed with Petitioner the fact that the Government would not be required to prove that Leake was involved in the conspiracy for its full duration. ECF No. 865 at 1 ¶ 3. She also advised him that she estimated his guideline range to be 324 to 405 months imprisonment, and that the Government's offer of 180 months was therefore a good deal for him. *Id.* at 2 ¶ 4.

## V.     Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 867, is **GRANTED** and Petitioner's motion for relief pursuant to § 2255, ECF No. 850, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing

---

[2] To the extent that his filings could be construed as alleging any additional ground for relief, the Court has considered it and finds it to be without merit.

5

Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_
Terry L. Wooten
Chief United States District Judge

January 30, 2015
Columbia, South Carolina