IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kartarie Sahndal Prince Leake, | Crim. No. 4:11-cr-00417-TLW |
| PETITIONER | C/A No. 4:13-cv-01471-TLW |
| v. | |
| United States of America, | **Order** |
| RESPONDENT | |

Before the Court is Petitioner Kartarie Sahndal Prince Leake's motion for reconsideration of the Court's order denying his § 2255 petition. The Court has carefully reviewed the motion and concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order.[1]

A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

The basis of Petitioner's claim for relief is not entirely clear. He appears to be arguing that he is entitled to relief because his counsel had a conflict of interest in that, in her prior role as an AUSA, she prosecuted Christopher Short and that during the course of that prosecution,

---

[1] As an initial matter, it is not clear that this Court has jurisdiction over the motion as he appealed the denial of his § 2255 petition and the Fourth Circuit declined to grant a certificate of appealability and dismissed the appeal. *United States v. Leake*, 604 F. App'x 313, 314 (4th Cir. 2015). However, to the extent this Court still has jurisdiction over the motion, it is dismissed for the reasons set forth below.

1

she elicited the testimony of Kevin Youngfellow against Short. Then, while she was representing Petitioner in this case, Youngfellow implicated Petitioner in the instant conspiracy for which he pled guilty. Assuming that this is what Petitioner is alleging has occurred, he does not explain why this presents a conflict of interest that entitles him to habeas relief. There is no merit to this argument.

The Court has carefully reviewed Petitioner's motion and concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order. Accordingly, his motion for reconsideration, ECF No. 942, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

August 27, 2015
Columbia, South Carolina