IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kartarie Sahndal Prince Leake,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:11-cr-00417-TLW-6<br>C/A No. 4:17-cv-01061-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the motion filed by Petitioner Kartarie Sahndal Prince Leake entitled "Motion for Relief from Judgment." ECF No. 1148. Because this filing challenges his underlying conviction and sentence, the Court construes it as a petition for relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petition.

## I.   Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge, and the Court sentenced him to 180 months incarceration pursuant to a Rule 11(c)(1)(C) agreement.[1] He did not file a direct appeal.

Petitioner timely filed a § 2255 petition, which the Court denied on the merits after briefing. ECF Nos. 850, 934. He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed his appeal. *United States v. Leake*, 604 F. App'x 313 (4th Cir. 2015).[2]

---

[1] His calculated guideline range (subject to several objections that the Court did not rule on in light of the stipulated sentence) was 324 to 405 months. PSR ¶ 80.

[2] While his direct appeal was pending, he filed a motion to reconsider the denial of the § 2255

1

On March 21, 2017,[3] Petitioner filed the instant § 2255 petition, in which he asserts that his counsel had a conflict of interest in light of her prior employment as an AUSA and that the drug statute to which he pled guilty is unconstitutional under the Commerce Clause. He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II. Discussion

The Court does not have jurisdiction to consider Petitioner's petition. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a successive petition. A successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is successive. He has not received an order from the Fourth Circuit authorizing a successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or

---

petition, which the Court denied. ECF Nos. 942, 988.

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III. Conclusion

For these reasons, Petitioner's petition for relief pursuant to § 2255, ECF No. 1148, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in these petitions. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*  
Terry L. Wooten  
Chief United States District Judge

April 27, 2017  
Columbia, South Carolina